IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BENNY C. STONE                                                                                    PLAINTIFF

V.                                    CASE NO. 4:11CV00605 JTK

CAROLYN C. COLVIN, *Commissioner*,
Social Security Administration                                                        DEFENDANT

## **ORDER**

Pending is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (DE # 15). In his motion, Plaintiff requests payment for 17.65 attorney hours at the rate of $185 per hour, for a total of $3,265.25 in attorney's fees. The Commissioner did not file a response to the motion.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, the Court finds that Plaintiff is the prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The EAJA is not designed to reimburse without limit. *Pierce v. Underwood*, 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS*, 923 F.2d 585, 586 (9th Cir. 1991) (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989)). The Court can determine

the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

Plaintiff's counsel seeks reimbursement at an hourly rate of $185 for attorney hours. Attorney's fees may not be awarded in excess of $125 per hour-the maximum statutory rate under § 2412(d)(2)(A)-unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index (CPI). *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990). Plaintiff's counsel has attached a summary of the CPI for December 2012 as an exhibit and has presented evidence of an increase in cost of living. She requests $185 per attorney hour for work performed in 2011, 2012, and 2013. This requested hourly rate is authorized by the EAJA as long as the CPI-South Index justifies this enhanced rate. *See* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act"); *see also* 28 U.S.C. § 2412(d)(2)(A). Based upon the CPI-South Index, this hourly rate is not authorized, and the Court will award $174 for work performed in 2011, $180.00 for work performed in 2012, and $185 for work performed in 2013. *See MacVittie v. Colvin*, 2013 WL 1154290, at *2 (W.D. Ark. March 19, 2013).

Counsel requests 4.75 hours for work performed prior to the filing of the federal complaint on August 4, 2011. Time spent at the administrative level is not compensable under the EAJA. *See*

*Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). The Court does note, however, that some of the time submitted was clearly in preparation for the filing of the complaint and should be allowed, namely the 1.75 hours for work performed on July 31, 2011.

Counsel further requests reimbursement for the remaining 12.9 hours of work performed after the case was filed. Of these 12.9 hours, 2.65 of them are for tasks such as reviewing the in forma pauperis (IFP) order, signing the magistrate jurisdiction consent form, and reviewing green cards. The Court concludes that it should not have taken an attorney experienced in social security cases this amount of time to perform these tasks, *see Bowman v. Secretary of HHS*, 744 F.Supp. 898 (E.D. Ark. 1989), and therefore reduces the amount of time for these activities to 1.05 hours. Accordingly, the Court grants reimbursement for a total of 13.05 attorney hours.

Based on the above, the Court awards attorney's fees for 2.8 attorney hours, at the rate of $174 per hour; 8.25 attorney hours, at the rate of $180 per hour; and 2 attorney hours at the rate of $185 per hour, for a total attorney's fee award of $2,342.20.

EAJA fees are payable to Plaintiff, not Plaintiff's attorney, and such fees are subject to an offset when the Plaintiff has outstanding federal debts. *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). Therefore, subject to any offset, payment by check to the order of the Plaintiff, in care of his attorney, will issue to Plaintiff's attorney.

SO ORDERED this 29th day of April, 2013.

_____
UNITED STATES MAGISTRATE JUDGE